UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONNA FORTE CALLEGARI** | * | |
| | * | **CIVIL ACTION NO.** |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | |
| **SCOTTRADE, INC., VOYA** | * | |
| **FINANCIAL, and JIM S. JORDAN,** | * | |
| **INDEPENDENT EXECUTOR OF** | * | |
| **THE SUCCESSION OF** | * | |
| **ARTHUR JEROME CALLEGARI** | * | **ERISA ACTION** |
| | * | |
| | * | |
| **Defendants.** | * | |

## ORIGINAL COMPLAINT

NOW INTO COURT, comes Donna Forte Callegari, (hereafter referred to as "Plaintiff"), by and through undersigned counsel, who alleges this Complaint against Defendants Scottrade, Inc.; Voya Financial; and the Succession of Arthur Jerome Callegari, through its Independent Executor, Jim S. Jordan, (hereafter referred to as "Defendants"), for violation of federal law. The causes of action and summary claims relating hereto are addressed herein:

## SUMMARY

1. Plaintiff seeks an order enforcing her rights regarding two (2) certified ERISA retirement plans pursuant to 29 U.S.C. §1132 (a)(1)(B). Specifically, Plaintiff as the Beneficiary, seeks: (a) a declaration of her rights as the designated beneficiary of the two (2) ERISA plans (named herein), (b) a judgment enforcing her rights under the two (2) ERISA plans, (c) an award of attorney's fees and costs pursuant to 29 U.S.C.

1

§1132(g), (d) the enforcement of all penalties under law against the Defendants for arbitrarily denying the Plaintiff her owed benefits and pertinent account information.

## JURISDICTION & VENUE

2. This action arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, more particularly Section 1132(a). This Court has subject matter jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the alleged events or omissions giving rise to this action occurred in this District.

## PARTIES

4. At all times relevant to the allegation in the Complaint, Plaintiff **Donna Callegari** has been a resident of Jefferson Parish, State of Louisiana.

5. Defendant **Scottrade Inc.** (hereafter referred to as "Scottrade") is a juridical entity domiciled in Phoenix, Arizona and with its principal place of business in St Louis, Missouri.

6. Defendant **Voya Financial** (hereafter referred to as "Voya") is a juridical entity organized and existing under the laws of the State of California with its Principal Place of Business in El Dorado Hills, California.

7. Defendant **Jim S. Jordan, as the Independent Executor of the Succession of Arthur Callegari,** is domiciled in the State of Georgia.

## FACT SUMMARY

8. The Plaintiff is the surviving spouse of Arthur J. Callegari (hereafter referred to as "Arthur Callegari").

9. The Plaintiff and Arthur Callegari were married on April 10, 2011 and remained married until Arthur Callegari died on July 23, 2015 (Exhibit A).

10. The Plaintiff is listed as the surviving spouse on Arthur Callegari's Death Certificate, as indicated by Box 11 and Box 12 of (Exhibit A). Moreover, the *Affidavit of Death, Domicile and Heirship* further confirms Plaintiff was married to Arthur Callegari at the time of his death on July 23, 2015 (Exhibit B).

11. During their marriage, Arthur Callegari designated Plaintiff as the beneficiary on several pension and retirement accounts held by the Defendants. These retirement accounts at issue consist of: (1) an individual retirement account held by Scottrade (Account No: 20148042), and (2) a Group Employer Retirement Plan for the Archdiocese of New Orleans (Plan No: 860500) held by Voya.

12. Shortly before his death, after an intense marital fight, Arthur Callegari removed ("kicked out") Plaintiff from their family home. Plaintiff moved to a separate residence and remained at that residence until Arthur Callegari's death.

13. During this time, Arthur Callegari unilaterally **changed the beneficiary designation without the Plaintiff's spousal consent or knowledge and fraudulently modified his marital status on each retirement account in question**.

14. After Arthur Callegari's death, a succession was judicially opened in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana. Plaintiff filed a Petition of Intervention on September 30, 2015 in the instant succession (Succession of Arthur J. Callegari), alleging the decedent unilaterally removed Plaintiff as a beneficiary on various qualified retirement plans, specifically averring, "that prior to the decedent's

date of death, the decedent unilaterally removed Donna as a beneficiary on various qualified retirement plans," (Exhibit C).

15. Subsequently, subpoenas were issued by the Court for all of Arthur Callegari's retirement accounts.

16. Plaintiff's subpoenas revealed on May 16, 2013, Arthur Callegari listed Plaintiff Donna Callegari (spouse) as the primary beneficiary, with his current marital as *married* (Ex D-1). On March 20, 2015, Arthur Callegari fraudulently removed Donna Callegari as the primary beneficiary and falsely listed his marital status as *single* (Ex D-2).

17. Arthur Callegari unilaterally removed Donna Callegari as the primary beneficiary and falsely stated he was not married, in the same fashion regarding his retirement accounts listed with Voya.

18. At no time herein was a Petition For Divorce pending between Plaintiff and Arthur Callegari.

19. Plaintiff and Arthur Callegari were never legally separated or divorced and were still a married couple at the time when Arthur Callegair unlawfully changed the beneficiary on the retirement accounts held by the Defendants.

20. Arthur Callegari was not allowed to change the beneficiary designation without the Plaintiff's Spousal Consent under ERISA.

21. ERISA further preempts all state law proceedings allowing the Succession of Arthur Jerome Callegari, or the named beneficiaries to receive any benefits related to the retirement accounts at issue.

22. At this point, Plaintiff, through undersigned counsel, has attempted to resolve this matter amicably by requesting Scottrade and Voya to distribute the benefits owed in each retirement account under ERISA to the Plaintiff.

23. Scottrade has refused to provide all relevant account information and has denied the Plaintiff her benefits owed under ERISA without just cause.

24. Voya has denied the Plaintiff her benefits owed under ERISA without just cause.

## ERISA ENFORCEMENT
(First Claim for Relief)

25. Plaintiff incorporates the allegation as set forth in paragraphs of the Fact Summary as fully set forth herein.

26. ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) provides a plan participant such as Plaintiff with a civil action to recover benefits due under a plan to enforce her rights under the terms of the Plan.

27. Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to clarification that she has the right to payment of benefits under the terms of the Plan.

28. Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff is entitled to a declaration that Defendants, Scottrade and Voya, provide and distribute all owed benefits through judicial enforcement.

29. 29 U.S.C. § 1133 requires that a claimant requesting benefits, whose claim has been denied in whole or in part, is entitled to a "full and fair review" of the denials of her claims.

30. As a direct result of Defendants' actions, Plaintiff has been denied her right to owed benefits, which should be enforced under ERISA.

## REFUSAL TO SUPPLY REQUESTED PLAN DOCUMENTS
(Second Claim for Relief)

31. Plaintiff incorporates the allegation as set forth in paragraphs of the Fact Summary as fully set forth herein.

32. On December 18, 2016 Plaintiff, through undersigned Counsel, requested in writing that Scottrade, as the administrator, remit the balance of the Account No: 20148042, as well as provide all other relevant documents pertaining to the Account (Exhibit F).

33. Scottrade denied Plaintiff distribution of owed benefit to Plaintiff and all other pertinent information regarding the account citing the need for a second subpoena request (Exhibit G).

34. Upon information and belief Scottrade Inc. has not supplied the complete claims file or the documents requested by Plaintiff through counsel, Plaintiff is entitled to penalties of $110.00 per day for Scottrade's failure to provide the requested documents within the thirty (30) days of Plaintiff's request pursuant 29 U.S.C. § 1132(c)(1).

## PRAYER

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant all appropriate relief, including but not limited to:

1. A judgment awarding Plaintiff all owed and determined benefits under the retirement plans held by the Defendants.

2. A declaration clarifying Plaintiff's rights under the terms of the ERISA retirement plans held by Defendants, including an order for payment/distribution to Plaintiff.

3. An award of award of attorney fees and costs pursuant to 29 USC §1132(g).

4. Any and all appropriate civil penalties under 29 U.S.C § 1132(c)(1).

5. All other penalties for arbitrary denial of Plaintiff's claim.

6. All penalties for mental and financial distress caused to Plaintiff.

7. All further and other relief, which Plaintiff may justly be entitled to

Date March 1, 2016

                                          Respectfully submitted,

                                          MORRISON & MORRISON, PLC


                                          BY: */s/ Zachary J. Delerno*
                                          Zachary J. Delerno, T.A.
                                          Louisiana State Bar Roll Number: 35749
                                          Morrison & Morrison, PLC
                                          209-A Canal Street
                                          Metairie, LA, 70005
                                          Telephone (504)-831-2348
                                          Facsimile: (504)-831-2380
                                          Email: Zack@morrisonlawplc.com


                                          BY: */s/ Ronald W. Morrison, Jr.*
                                          Ronald W. Morrison, Jr.
                                          Louisiana State Bar Roll Number 29357
                                          Morrison & Morrison, PLC
                                          209-A Canal Street
                                          Metairie, LA, 70005
                                          Telephone:  (504)-831-2348
                                          Facsimile: (504)-831-2380
                                          Email:  Chip@morrisonlawplc.com

                                          **COUNSEL FOR PLAINTIFF**,
                                          **DONNA CALLEGARI**