UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONNA FORTE CALLEGARI                          CIVIL ACTION

VERSUS                                         NO: 16-1750

SCOTTRADE, INC., ET AL.                        SECTION: "J" (2)


## ORDER AND REASONS

Before the Court are a *Motion for Summary Judgment* **(Rec. Doc. 31)** filed by Plaintiff, Donna Callegari ("Plaintiff"), and an opposition thereto filed by Defendant, Ryan Callegari ("Ryan") **(Rec. Doc. 43)**. Ryan Callegari filed a cross-motion for summary judgment **(Rec. Doc. 40)**, which Plaintiff opposed **(Rec. Doc. 50)**. Also before the Court is a *Motion for Partial Dismissal* **(Rec. Doc. 32)** filed by Defendant, Jim S. Jordan.

Having considered the motions, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the *Motion for Partial Dismissal* should be **GRANTED**, Plaintiff's *Motion for Summary Judgment* should be **GRANTED**, and Ryan's *Motion for Summary Judgment* should be **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This litigation arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff

claims she is the surviving spouse of Arthur J. Callegari ("Arthur"), a participant in an ERISA employee retirement 401(k) plan through his employer, the Archdiocese of New Orleans. According to Plaintiff, she and Arthur married on April 10, 2011 and remained married until Arthur's death on July 23, 2015. Plaintiff contends that Arthur designed her as his beneficiary on the 401(k) plan.[1] Subsequently, Plaintiff and Arthur entered into an agreement, termed a "Marriage Contract for Separation of Property Regime," in order to dissolve the legal system of community property that commenced upon their marriage. (Rec. Doc. 40-2.) The parties signed the agreement before a notary public on August 15, 2012. *Id.* On the following day, the 24th Judicial District Court for Jefferson Parish approved the consent judgment agreed upon by the Callegaris. (Rec. Doc. 40-4; Rec. Doc. 40-5.) Thus, Plaintiff and Arthur remained married but commenced a separate property regime.

According to Plaintiff, she and Arthur quarreled shortly before his death, and Arthur removed her from the family home. Thereafter, Arthur changed the beneficiary designation on his plan, replacing Plaintiff with his son from a previous

---

[1] The parties did not provide a copy of the beneficiary designation form naming Plaintiff as a beneficiary. The parties also did not provide an authenticated copy of the plan documents.

relationship, Ryan Callegari. (Rec. Doc. 40-1.)[2] Arthur also listed his marital status as "single" and noted, "Separate property agreement in effect." *Id.* However, Plaintiff and Arthur never legally separated or divorced. Before his death, Arthur executed a last will and testament, naming Ryan as his sole legatee. (Rec. Doc. 43-5.)  Following Arthur's death and the opening of probate, Plaintiff filed suit in this Court, seeking benefits from Arthur's 401(k) plan pursuant to ERISA. (Rec. Doc. 1.)

Plaintiff originally filed suit against Scottrade, Inc. ("Scottrade"), Voya Institutional Trust Company ("Voya," originally incorrectly named as Voya Financial), and the Succession of Arthur Callegari, through its independent executor, Jim S. Jordan. Scottrade is the holder of Arthur's individual retirement account (IRA), and Voya is the custodian of the 401(k). Plaintiff later added Arthur's son Ryan as a defendant because Ryan is the named beneficiary to the 401(k). (Rec. Doc. 8.) Subsequently, Plaintiff voluntarily dismissed Scottrade with prejudice because ERISA did not govern the IRA. (Rec. Doc. 25.) Finally, Plaintiff dismissed her claim against Voya as it was a mere stakeholder without its own claim to the 401(k). (Rec. Doc.

---

[2] The parties stipulated to the authenticity of the beneficiary designation form. (Rec. Doc. 29, at 1-2.)

29.) The only remaining defendants are Ryan and Jordan, as the executor of Arthur's estate.

On June 16, 2016, the parties entered into an *Agreed Stipulation Regarding Disputed Funds*. (Rec. Doc. 29.) In the stipulation, Voya agreed to hold the 401(k) death benefits in a trust and distribute the benefits to the rightful beneficiary as decided by this Court. *Id.* at 2-3. Plaintiff filed her motion for summary judgment to determine the rightful beneficiary on June 28, 2016. (Rec. Doc. 31.) After several continuances, the motion was set for submission and oral argument on August 10, 2016. Jordan filed a motion for partial dismissal on July 5, 2016. (Rec. Doc. 32.) Ryan filed his cross-motion for summary judgment, as well as his opposition to Plaintiff's motion, on July 19, 2016. (Rec. Doc. 40; Rec. Doc. 43.) Plaintiff opposed Ryan's motion on August 2. (Rec. Doc. 50.) Plaintiff did not oppose Jordan's motion for partial dismissal. The Court heard oral argument on the motions for summary judgment on August 10, 2016. Following oral argument, the Court took the matter under advisement.

## PARTIES' ARGUMENTS

### I.  Motion to Dismiss

In his motion, Jordan asserts that Plaintiff failed to state a viable claim against him because none of her requested relief is

4

available from him. Rather, Jordan argues that Plaintiff must bring her claims against the employee benefit plan as an entity. These claims include: (1) recovery of benefits from the 401(k) plan, (2) clarification of her rights under the 401(k) plan, (3) an award of attorneys' fees and costs, (4) civil penalties pursuant to statute, (5) penalties for arbitrary denial of her claim, (6) penalties for mental and financial distress, and (7) "all further and other relief" to which she may be entitled. Jordan contends that the only viable claim is for clarification of rights. However, Jordan asserts that the estate is not claiming the 401(k) benefits. The only other claimant is Ryan, who is a defendant in this case. Thus, Jordan asks that the Court dismiss all of Plaintiff's claims against him, with prejudice. Plaintiff does not oppose Jordan's motion.

## II. **Motions for Summary Judgment**

In their motions for summary judgment, both Plaintiff and Ryan claim to be the sole beneficiary of Arthur's 401(k) plan. In her motion, Plaintiff relies on her status as Arthur's surviving spouse to claim the benefits of his plan. Plaintiff argues that ERISA's policy is to protect the surviving spouse of a plan participant. As such, she claims that the spouse is the default beneficiary of the participant's benefits. According to Plaintiff,

a participant can remove the spouse as a beneficiary only if the spouse executes a waiver and gives his or her true consent. Plaintiff claims that the waiver must be made in writing, name a beneficiary other than the spouse, and must be witnessed by a plan representative or notary public. However, Plaintiff argues that Arthur unilaterally changed his beneficiary designation without her consent.

Plaintiff also references the separate property agreement she and Arthur signed on August 15, 2012. Plaintiff claims that ERISA preempts the separation agreement. Further, Plaintiff argues that the agreement does not comply with the formal requirements for waiver of a spouse's beneficiary designation under ERISA. Finally, Plaintiff asserts that the 401(k) plan documents mandate spousal consent to designate a beneficiary other than the spouse. For these reasons, Plaintiff argues that she is entitled to receive benefits from Arthur's 401(k) plan.

In his motion and in his opposition to Plaintiff's motion, Ryan claims that he is the named beneficiary to the 401(k) account. According to Ryan, the plan documents require payment of benefits to the person designated on the beneficiary form, even if facts outside the plan documents indicate that another person should receive the benefits. Second, Ryan argues that Plaintiff

relinquished any claim she had to the account when she entered into the separate property agreement with Arthur. In return for giving up her rights to the account, Ryan claims that she received property of equal value in the partition of the couple's community property. Ryan argues that such waivers are valid and enforceable under ERISA and federal common law. Third, Ryan contends that, as Arthur's sole legatee, he is entitled to enforce the separate property agreement against Plaintiff to recover the 401(k) proceeds and damages from her. Ryan argues that ERISA does not preempt such post-distribution claims. Finally, Ryan claims that he is entitled to attorneys' fees and costs under the terms of the consent judgment separating Arthur's and Plaintiff's community property.

Plaintiff opposed Ryan's motion. First, Plaintiff argues that she did not waive her rights to Arthur's 401(k) account by signing the separate property agreement. Plaintiff points out that Ryan cited cases involving waivers made by former spouses in the context of divorce proceedings. Plaintiff maintains that ERISA's waiver requirements for surviving spouses are higher than the standards cited by Ryan. According to Plaintiff, ERISA requires prenuptial agreements, like the separation of property agreement, to contain a beneficiary designation. Next, Plaintiff reiterates that the

policy of ERISA is to protect the participant's surviving spouse. Further, Plaintiff contends that the separation of property agreement is vague and preempted by ERISA. Plaintiff notes that Arthur claimed the 401(k) plan as his separate property in the contract, but he did not claim the contested benefits as his separate property. Further, Plaintiff argues that ERISA preempts the contract altogether. Finally, Plaintiff claims that Arthur was required to follow the plan documents when designating a beneficiary. According to Plaintiff, the plan documents required her consent to a change in beneficiary designation. Because she did not consent to the designation change, Plaintiff argues that she did not waive her right to receive benefits from Arthur's 401(k) plan.

## **LEGAL STANDARD**

### I.   **Motion to Dismiss**

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim [that] would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). The standard analysis changes when the defendant fails to timely file a motion under Rule 12(b)(6):

> A motion made under Rule 12(b)(6) that raises the defense of failure to state a claim upon which relief may be granted must be made before the service of a responsive pleading, but according to Rule 12(h)(2) the defense is preserved and may be raised as late as trial. Technically therefore, a post-answer Rule 12(b)(6) motion is untimely and the cases indicate that some other vehicle, such as a motion for judgment on the pleadings or for summary judgment, must be used to challenge the plaintiff's failure to state a claim for relief.

5b Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.) (internal citations omitted).

Rule 12 provides that an argument for failure to state a claim upon which relief can be granted may be raised by a motion under Rule 12(c). Fed. R. Civ. P. 12(h)(2)(B). Rule 12(c) states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Jordan's motion is properly construed as a Rule 12(c) motion for judgment on the pleadings. The Rule 12(c) standard is identical to the standard for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v.*

*Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## II. Motions for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing former Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in

the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the

11

record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Congress enacted ERISA to provide federal standards for the establishment and maintenance of employee pension and benefit plans. *Williams v. Wright,* 927 F.2d 1540, 1543 (11th Cir. 1991). ERISA applies to any employee benefit plan if it is established or maintained by an employer engaged in commerce or activity affecting commerce. *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 240 (5th Cir. 1990) (citing 29 U.S.C. § 1003(a)). ERISA regulates two distinct types of employee benefit plans: "employee welfare benefit plans" (welfare plans)  and "employee pension benefit plans" (pension plans). *Memorial Hosp. Sys.,* 904 F.2d at 240; *see* 29 U.S.C. § 1002(3). In this case, the parties do not dispute that the 401(k) plan is an employee pension benefit plan

subject to ERISA. With this in mind, the Court will now discuss

each pending motion.

**I.   Motion to Dismiss**

Jordan argues that Plaintiff's claims must be dismissed

pursuant to Rule 12(b)(6), with the exception of her request for

clarification. Plaintiff did not oppose Jordan's motion. For the

reasons stated below, the Court believes the motion has merit and

should be granted.

In her amended complaint, Plaintiff requested the following

relief:

> 1. A judgment awarding Plaintiff all owed and determined
> benefits under the retirement plans held by the
> Defendants.
> 2. A declaration clarifying Plaintiff's rights under the
> terms of the ERISA retirement plans held by Defendants,
> including an order for payment/distribution to
> Plaintiff.
> 3. An award of award of attorney fees and costs pursuant
> to 29 USC §1132(g).
> 4. Any and all appropriate civil penalties under 29 U.S.C
> § 1132(c)(1).
> 5. All other penalties for arbitrary denial of
> Plaintiff's claim.
> 6. All penalties for mental and financial distress
> caused to Plaintiff.
> 7. All further and other relief, which Plaintiff may
> justly be entitled to[.]

(Rec. Doc. 14, at 3.) The only remaining defendants are Jordan, as

the executor of Arthur's , and Ryan, as a competing beneficiary.

However, "ERISA permits suits to recover benefits only against the

Plan as an entity." *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993) (quoting *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323 (9th Cir.1985)); *Roig v. Ltd. Long Term Disability Program,* No. CIV.A.99-2460, 2000 WL 1146522, at *8-9 (E.D. La. Aug. 4, 2000), *aff'd in part sub nom. Roig v. Ltd. Long Term Disability Program*, 275 F.3d 45 (5th Cir. 2001). The Third Citcuit also permits a plaintiff to sue an entity other than a plan if that entity is a fiduciary with "sufficient discretionary authority and responsibility in the administration of the plan." *See Roig*, 2000 WL 1146522, at *9. In this case, Plaintiff neither sued the 401(k) plan as an entity nor a fiduciary with authority and responsibility in the plan's administration. Thus, Plaintiff's claim for recovery of benefits must be dismissed for failure to state a claim.

Further, the remedies arising under ERISA are exclusive. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987). Plaintiff requested civil penalties pursuant to Section 1132(c)(1). However, that section only authorizes penalties against a plan administrator. Likewise, the relief requested in paragraphs 3, 5, 6, and 7 depends on Plaintiff's claim for recovery of benefits. Such relief is only available from the plan itself. None of the requested relief is available from Jordan. Therefore, Plaintiff's claims against Jordan will be dismissed with prejudice.

14

Plaintiff's only viable claim is the request for clarification of plan benefits as against Ryan Callegari, which is the subject of the cross-motions for summary judgment.

## II. Motions for Summary Judgment

Plaintiff claims that she is entitled to recover benefits from Arthur's 401(k) plan because of her status as a surviving spouse. On the other hand, Ryan contends that Plaintiff waived her rights to Arthur's plan when she agreed to partition the couple's community property. Even if the Court finds Plaintiff is the proper beneficiary, Ryan argues that he is entitled to enforce the consent judgment against Plaintiff and collect the plan benefits from her.

ERISA espouses a strong policy of protecting a surviving spouse's interest in plan benefits. *Lester v. Reagan Equip. Co. Profit Sharing Plan & Emple. Sav. Plan,* No. 91-2946, 1992 WL 211611, at *5 (E.D. La. Aug. 19, 1992). "Clearly, Congress intended to protect spouses' interests in a participant's benefits." *Rice v. Rochester Laborers' Annuity Fund*, 888 F. Supp. 494, 498 (W.D. N.Y. 1995). To that end, ERISA creates a surviving spouse annuity "in the case of a vested participant who dies before the annuity starting date and who has a surviving spouse." 29 U.S.C. § 1055(a)(2). During the applicable election period, the

participant's spouse may waive the surviving spouse annuity. 29
U.S.C. § 1055(c)(1)(A)(i).

However, due to ERISA's strong interest in protecting
surviving spouses, a waiver is "invalid unless it satisfies the
rigorous rules in [Section] 1055(c)." *Lester*, 1992 WL 211611, at
\*5; *see also Rice*, 888 F. Supp. at 498. A spouse's waiver is only
valid if:

> (i) the spouse of the participant consents in writing to
> such election, (ii) such election designates a
> beneficiary (or a form of benefits) which may not be
> changed without spousal consent (or the consent of the
> spouse expressly permits designations by the participant
> without any requirement of further consent by the
> spouse), and (iii) the spouse's consent acknowledges the
> effect of such election and is witnessed by a plan
> representative or a notary public . . . .

29 U.S.C. § 1055(c)(2)(A). A participant's spouse may waive an
interest in a surviving spouse annuity in a prenuptial or
antenuptial agreement, as long as the agreement satisfies the
requirements of section 1055(c). *Hurwitz v. Sher*, 982 F.2d 778,
780-81 (2d Cir. 1992); *see also Howard v. Branham & Baker Coal
Co.*, 968 F.2d 1214 (6th Cir. 1992); *Nellis v. Boeing Co.*, No. 91-
1011-K, 1992 WL 122773, at \*5 (D. Kan. May 8, 1992).

ERISA's protection of surviving spouses does not extend to
former spouses. Unlike a current spouse, a former spouse can waive
beneficiary status in a divorce decree or agreement, as long as

the waiver is "explicit, voluntary[,] and made in good faith."
*Manning v. Hayes*, 212 F.3d 866, 871 (5th Cir. 2000) (citing *Clift
v. Clift*, 210 F.3d 268, 271 (5th Cir. 2000); *Brandon v. Travelers
Ins. Co.,* 18 F.3d 1321, 1326-27 (5th Cir. 1994)). In this case,
Ryan argues that the separation of property agreement has the same
effect as a divorce decree. Therefore, Ryan argues that Plaintiff's
waiver only needed to meet the lower standard required of a
divorced spouse. The true issue is whether Plaintiff waived her
right to the surviving spouse annuity by entering into a separate
property agreement. Plaintiff argues that any purported waiver
must be judged by the section 1055(c) surviving spouse standard.
Plaintiff is correct.

"In order to determine which party is entitled to receive
benefits under the Plan, we must first consider the statutory
language of ERISA." *Hurwitz*, 982 F.2d at 780-81 (citing *Pilot Life
Ins. Co.,* 481 U.S. at 57). The express statutory language of ERISA
protects the surviving spouse of a plan beneficiary. ERISA does
not distinguish between surviving spouses who have partitioned
community property and surviving spouses who have not. Moreover,
the Fifth Circuit has explicitly stated that the divorced spouse
standard does not change "the express provisions of ERISA ensuring
special protection to surviving spouses in the context of pension

benefits." *Manning*, 212 F.3d at 873.  Because Plaintiff is the surviving spouse of a plan participant, the Court must determine whether she waived her right to receive benefits.

The separate property agreement and consent judgment do not constitute a waiver of Plaintiff's right to benefits.  While the agreement is in writing and was witnessed by a notary public, it falls short in several ways.  First, the agreement does not designate an alternative beneficiary.  Further, Plaintiff did not explicitly agree to allow Arthur to designate a different beneficiary without her consent.  The consent judgment similarly fails to designate an alternative beneficiary.  Second, Plaintiff did not "acknowledge[] the effect of such election."  The agreement merely stated that the 401(k) plan was Arthur's separate property.[3]

---

[3] In relevant part, the agreement states:

> **APPEARERS** agree that all of the property, rights and credits of all kind and character owned by **ARTHUR J. CALLEGARI** and all income, revenues, fruits and assets which may be received by him during the marriage are and shall remain his separate property . . . . **APPEARERS** understand and agree that **ARTHUR J. CALLEGARI** reserves, individually, the entire separate administration and control of his respective estate, including all property and assets of all kinds, and reserves the free enjoyment of all of his income, revenue and fruits from all sources . . . .

(Rec. Doc. 40-3, at 1-2.)  Further, Arthur claimed the property listed in Exhibit A as his separate property. *Id.* at 3.  Plaintiff acknowledged that the property listed in Exhibit A was Arthur's separate property.  Exhibit A included "ING, Archdiocese of New Orleans 401K Plan." *Id.* at 6.

The consent judgment did the same.[4] The agreement does not indicate that Plaintiff acknowledged that she would be waiving her right to receive benefits from Arthur's plan. Neither the agreement nor the consent judgment listed the benefits from Arthur's plan as his separate property. Arthur claimed the plan itself as his separate property, but he did not mention the benefits. Finally, Plaintiff did not sign the form designating Ryan as Arthur's beneficiary. Therefore, Plaintiff did not validly waive her right to receive benefits from the plan as the surviving spouse of a plan participant.

Ryan argues that he may bring a claim against Plaintiff to enforce the separate property agreement and recover the benefits from the plan from her. He is incorrect. While the Supreme Court has endorsed the validity of such a claim, Ryan is not entitled to

---

[4] In relevant part, the consent judgment states:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that **ARTHUR J. CALLEGARI** takes as his full share of all of the property, movable and immovable, presently belonging to the community of acquets and gains, the property described in **"*Exhibit B*"** . . . . **DONNA F. CALLEGARI** does transfer, convey, and deliver unto **ARTHUR J. CALLEGARI** the entirety of her interest in and to all of the properties hereinabove allotted to him and, particularly, all movable and immovable property described in the aforesaid ***Exhibit "B"***. [sic].

(Rec. Doc. 40-5, at 2.) Exihibt B included "[a]ny and all interest in ING Archdiscese of New Orleans 401K plan." *Id.* at 10.

bring such an action according to the facts of his case. *See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 n.10 (2009). *Kennedy* is inapplicable for two reasons. First, unlike Plaintiff in this case, the beneficiary in *Kennedy* executed a valid waiver. *See id.* In *Kennedy*, the participant named his spouse as his primary beneficiary to his savings and investment plan (SIP). *Id.* at 289. The couple later divorced, and the former spouse agreed to be "divested of all right, title, interest, and claim in and to . . . [a]ny and all sums . . . the proceeds [from], and any other rights related to any . . . retirement plan, pension plan or like benefit" derived from her ex-husband's employment. *Id.* (alterations in original). The participant executed a new beneficiary designation form naming his daughter as his beneficiary, but he never executed any documents removing his ex-wife as a beneficiary, as required by the plan administrator. *Id.* at 288-89. The participant later died, and the plan administrator paid the benefits to the ex-wife. The daughter, on behalf of her father's estate, filed suit, arguing that the ex-wife waived her right to receive benefits in the divorce decree.

The Supreme Court found that the plan administrator was required to pay the benefits to the ex-wife. *Id.* at 299-300. However, in a footnote, the Court noted that the divorce decree

waiver was not null. *Id.* at 300 n.10. The Court did not "express any view as to whether the Estate could have brought an action in state or federal court against [the ex-wife] to obtain the benefits after they were distributed." *Id.* Following the *Kennedy* decision, other courts have endorsed the viability of a separate action to enforce a valid waiver and collect benefits from the ERISA-authorized beneficiary. *See, e.g.*, *Andochick v. Byrd*, 709 F.3d 296, 301 (4th Cir. 2013). Thus, even when ERISA requires the payment of benefits to the surviving spouse, another person can enforce the spouse's valid waiver of the right to receive benefits. In this case, Ryan's argument is premised on the notion that Plaintiff validly waived her right to receive benefits from the plan. However, as discussed above, Plaintiff did not execute a valid ERISA waiver. Thus, no valid waiver exists under federal law.

Second, Plaintiff also did not execute a valid waiver according to state law. *Kennedy* is inapposite because it involved a valid state-law post-divorce agreement. However, this case involves a separation of property agreement that is preempted by ERISA. Thus, the waiver is invalid under Louisiana state law. Ordinarily, spouses in community property states, including Louisiana, have an interest in income earned by their spouses. La.

Civ. Code art. 2338. When a spouse pays into an employer-sponsored pension plan, he does so using money he would otherwise receive as income. Thus, according to Louisiana community property laws, the participant's spouse would have a community property interest in the pension plan. However, the Supreme Court has held that ERISA preempts state community property laws. *Boggs v. Boggs*, 520 U.S. 833, 841 (1997).

Because ERISA preempts Louisiana community property laws, Plaintiff had no community property interest in Arthur's 401(k) plan. The 401(k) plan always was Arthur's separate property. Therefore, Arthur's attempt to claim the plan as his separate property in the separation of property agreement is without effect. In *Kennedy*, the former spouse validly waived her right to receive benefits from her ex-husband's plan. In this case, Arthur claimed his 401(k) as his separate property, even though it was already his separate property. Not only was Plaintiff's alleged waiver invalid, but also the separate property agreement had no effect because Plaintiff did not have a community property interest in the 401(k) plan. Thus, her waiver of her community property interest in Arthur's plan is invalid. Ryan is not entitled to enforce the separate property agreement and collect benefits from Plaintiff.

Finally, the Court will address Ryan's contention that the Court must order distribution in accordance with the plan documents. Ryan argues that the plan fiduciaries are forbidden from looking beyond the beneficiary designation. As his father's designated beneficiary, Ryan claims that plan fiduciaries may only distribute benefits to him. However, the beneficiary designation form is invalid on its face. Arthur stated that he was unmarried, when he was in fact still married to Plaintiff. Further, Plaintiff did not sign the spousal consent section authorizing the designation of Ryan as the primary beneficiary. Courts have looked beyond the beneficiary designation in similar cases to determine that the surviving spouse is the true beneficiary. *See Howard v. Branham & Baker Coal Co.*, No. 91-5913, 1992 WL 154571, at *2 (6th Cir. 1992) (unpublished) (designation of daughter invalid when surviving spouse never consented to the designation); *c.f. Rice*, 888 F. Supp. at 496-97 (payment of benefits to husband improper when wife did not consent and husband forged wife's signature on the application). Ryan cannot rely on his status as a designated beneficiary when the designation was made without the requisite spousal consent.

The Court acknowledges that awarding benefits to someone other than the decedent's intended beneficiary seems inequitable.

23

However, the Court must follow the law as set forth in ERISA, which specifically provides that "[a]ny disposition of the plan benefits must comply not only with the wishes of the decedent, but [also] with those of the spouse . . . ." *Nellis*, 1992 WL 122773, at *5. As recognized by the Sixth Circuit, ERISA's strict waiver requirements for surviving spouses "represent[] a simple and effective safeguard against fraud" and "reduce[] the likelihood that the plan trustee or administrators will have to make costly—and perhaps inconclusive—inquiries into the subjective state of mind of deceased plan participants." *Howard*, 1992 WL 154571, at *4. For these reasons, the Court finds that Plaintiff is the proper beneficiary of Arthur's 401(k) plan, notwithstanding Arthur's attempt to designate Ryan as his beneficiary.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Partial Dismissal* is **GRANTED**. Plaintiff's claims against Jim S. Jordan are hereby **DISMISSED with prejudice**. Plaintiff's claims against Ryan Callegari, with the exception of her clarification claim, are also **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Summary Judgment* as to her clarification of benefits claim is **GRANTED**.

24

**IT IS FURTHER ORDERED** that Ryan Callegari's *Motion for Summary Judgment* is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall file a proposed Final Judgment for the Court to enter in this case.

New Orleans, Louisiana, this 10th day of August, 2016

CARL J. BARBIER
UNITED STATES DISTRICT COURT